The Honorable Tom Courtway State Representative P.O. Box 56 Conway, Arkansas 72033
Dear Representative Courtway:
This is in response to your request for an opinion on whether an extension of time for the levy of taxes by a quorum court may be granted by the Arkansas Assessment Coordination Division under Act 1300 of 1997 for only one particular millage levy, and not for all the applicable millages levied by a quorum court at its regular November meeting.
It is my opinion under the circumstances you have listed, that the answer to your question is "yes."
You indicate that in Faulkner County there is a school district only a portion of which is within the County, and the balance of the district lies in an adjoining county. The adjoining county is going through a county-wide reappraisal which will not be finished in time for the millages to be used and levied by the Faulkner County Quorum Court at its regular November meeting, as is required by A.C.A. § 14-14-904(b). There is no practical impediment, however, to levying the balance of the Faulkner County taxes at the November meeting. The only reason for delay is the one school district which is subject to reappraisal. As you note, Act 1300 of 1997 amends A.C.A. § 14-14-904(b) to allow an extension period for the levy of taxes as follows:
 The quorum court, at is regular meeting in November of each year shall levy the county, municipal and school taxes for the current year, and before the end of each fiscal year, the court shall make appropriations for the expenses of county government for the following year. The Director of the Assessment Coordination Division of the Public Service Commission may authorize an extension of the date for levy of taxes of up to sixty (60) days upon application by the county judge and county clerk of any county for good cause shown resulting from reappraisal or rollback of taxes. [Emphasis added.]
 The questions you have posed in light of this provisions are whether Faulkner County can levy the real estate taxes for all the other taxing units at the November meeting, and at a later date levy the millage for the school district that is shared with the other county, and if so, whether the ordinance needs to specify this fact.
In my opinion the subsection above can be interpreted to authorize the action you suggest, particularly where, as here, the "good cause" "resulting from reappraisal or rollback of taxes" relates only to the one school district millage.[1] I find nothing in this provision to suggest that the extension can only be granted as an all or nothing proposition. There appears to be no legal or practical reason preventing officials at the Assessment Coordination Division (whose duty it is to implement this subsection), from, in their discretion, granting a partial extension.
The question of whether such a partial extension should be noted in the November levy ordinance is not controlled by any state law. As such, this is a matter that the county should address to its regular counsel. Placing a notation about the extension of time for the levy of one millage in the ordinance, however, would appear to do no harm, and may help establish a clear record of the county's actions under those circumstances. I cannot state absent such a notation, however, that any later single levy would be invalid, assuming a valid extension of time was granted.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This is not to suggest, however, that an extension for the levy of all millages under such circumstances would not also be proper.